IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Anna Johnson, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:24-cv-00215 |
| Longview Medical Center, L.P. d/b/a Longview Regional Medical Center, | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | CLASS AND COLLECTIVE ACTION |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Anna Johnson ("Plaintiff" or "Johnson"), individually and on behalf of all other similarly situated employees, files this Complaint against Longview Medical Center, L.P. d/b/a Longview Regional Medical Center ("Defendant" or "LRMC"), showing in support as follows:

**I.     INTRODUCTION AND NATURE OF ACTION**

1.     Plaintiff brings this civil action, individually and on behalf of all similarly situated current and former employees, under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one half the regular rate of pay for all hours worked over 40 during each seven-day workweek.

2.     Plaintiff files this lawsuit individually as an FLSA collective action on behalf of all similarly situated current and former hourly-paid nurse and technician employees of Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiff also brings this lawsuit as a Rule 23 class action asserting state law claims for unpaid straight-time compensation owed at a contractual hourly rate, individually and on behalf of a class of similarly situated hourly-paid nurses and technicians who worked at LRMC at any time during the state statutory period before this Complaint was filed up to the time of class certification who, as a result of Defendant's practice of deducting meal breaks from each shift worked and not paying for the same, did not receive all of the straight time pay at their contractual hourly rate to which they were entitled in the weeks of their employment in which said nurses and technicians worked 40 hours or less (the "Class Members").

4. Defendant made a policy/practice of failing to relieve nurses and technicians of their duties during meal periods, while simultaneously using timekeeping software to deduct thirty minutes or one hour from the total time paid per shift (on the pretext of accounting for meal periods which nurses and technicians were not in fact free to take without constant interruption). As a result, Defendant deprived nurses and technicians of overtime compensation due to them under the FLSA in the weeks in which they worked more than 40 hours in a week, and straight-time compensation at their respective contractual hourly rates in weeks in which they worked fewer than 40 hours. On information and believe, all of LRMC's non-exempt nurses and technicians were subject to this illegal pay scheme.

5. Plaintiff and the putative Class and Collective Action Members seek all damages available under the FLSA and relevant state law, including back wages, liquidated damages, legal fees, costs, and pre- and post-judgment interest to the extent permitted under the law.

## II.  PARTIES

**A.   Plaintiff Anna Johnson**

6. Plaintiff is an individual residing in Smith County, Texas. Plaintiff has standing to file this lawsuit.

7. Plaintiff began working for Defendant as a registered nurse ("RN") on or about February 3, 2020, through on or about November 4, 2023.

8. At all times Plaintiff was paid on an hourly basis of approximately $35.50.

9. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**B.     Collective Action Members**

10. The putative Collective Action Members are all current or former employees of Defendant who are/were hourly-paid nurse and technician employees of Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward. Because Defendant did not pay all overtime premium compensation due to its employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

11. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.     Class Members**

12. The putative Class Members are all current or former employees of Defendant who are/were subject to Defendant's practice of deducting meal breaks from each shift worked and not paying for the same and who therefore did not receive all of the straight time pay at their

contractual hourly rate to which they were entitled in the weeks of their employment in which said nurses and technicians worked 40 hours or less.

D. **Defendant Longview Medical Center, L.P. d/b/a Longview Regional Medical Center**

13. Defendant Longview Medical Center, L.P. d/b/a Longview Regional Medical Center is a limited partnership organized under the laws of the State of Delaware.

14. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

15. Defendant does business as a medical facility named Longview Regional Medical Center, which is located at 2901 N Fourth St, Longview, TX 75605.[1]

16. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

17. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

18. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

19. Defendant employed two or more employees who regularly engaged in commerce in their daily work.

20. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. For example, as part of their work Plaintiff and the putative Collective Action Members used (1) computers and telecommunications equipment; (2) medical supplies and

---

[1] https://www.longviewregional.com/hospitals (last visited on 6/11/2024).

equipment, including but not limited to, latex gloves, masks, medications, thermometers, stethoscopes, wheelchairs, ambulatory devices, incontinency and personal care products, gowns, linens, and cleaning products ; and third-party medical services for various diagnostics testing and reports/recommendations and lab work test (*e.g.*, dialysis, blood work, basic metabolic panel, complete metabolic panel, urinalysis, C-Doff, etc.), all of which were manufactured and shipped across state lines or otherwise required inter-state transit.

21. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

22. Defendant may be served with summons through its registered agent Corporation Service Company, 211 E. 7th Street Suite 620 Austin, Texas 78701.

### III. JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

24. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts, namely, the loss of wages suffered by Plaintiff and class members as a result of Defendant's policy of deducting meal break time from shifts worked while simultaneously requiring and permitting Plaintiff and the putative Class Members to work during said meal break time.

25. The United States District Court for the Eastern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

26. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV.    FACTUAL BACKGROUND

27. LRMC employs healthcare workers like Plaintiff to provide direct patient care to individuals at its skilled nursing and rehabilitation center.[2]

28. Plaintiff is an RN who worked for LRMC from approximately February 3, 2020, through on or about November 4, 2023. She was last paid approximately $35.50 per hour. At the time she began employment, she agreed to provide her services in exchange for Defendant's agreement to compensate her at that hourly rate for each of her hours worked.

29. Plaintiff and the putative Class and Collective Action Members are regularly scheduled to work numerous shifts per week at LRMC, typically in excess of 40 hours per workweek.

30. Plaintiff alleges that in each and every workweek, as the result of a common policy/practice uniformly applicable to her and the putative Class and Collective Action Members, Defendant failed to pay them the agreed upon hourly rate for all hours worked in weeks in which they worked fewer than 40 hours, and failed to pay them time and one-half their respective regular rates of pay in those workweeks in which they worked more than 40 hours.

31. Specifically, Plaintiff and the putative Class and Collective Action Members were not compensated for meal breaks, which was a violation because those meal breaks were routinely interrupted when they were required to perform their job duties.

---

[2] https://www.longviewregional.com/hospital-about-us (last visited on 6/11/2024).

32. Plaintiff anticipates that Defendant may attempt to argue that the meal break deductions from each shift worked were warranted so as to account for uninterrupted thirty-minute lunch breaks during which no work was performed and for which no compensation is owed. In point of fact, however, Plaintiff and his nurse and technician colleagues routinely worked through their lunch breaks, and even when they did manage to spend a few minutes eating, that time was regularly interrupted by other nurses and technicians on duty, nurse managers, patients' families, and other staff.

33. Defendant is and was familiar with the demands of the health care industry in general and of providing medical services and has deliberately chosen to keep its labor costs down by staffing an insufficient number of personnel per shift. Rather than hiring and staffing a sufficient number of nurses and technicians per shift to allow the nurses and technicians to take full, uninterrupted meal breaks, Defendant required and permitted these overworked nurses and technicians to work during their meal breaks for the benefit of Defendant.  Defendant knew and expected that Plaintiff and the putative Class and Collective Action Members would work through their unpaid "meal breaks," and this was in fact a daily occurrence. Defendant's supervisors and management routinely interrupted the meal breaks of Plaintiff and the putative Class and Collective Action Members, and Defendant had actual knowledge that its staffing and work policies were causing Plaintiff and the putative Class and Collective Action Members to work through meal breaks to the predominant benefit of Defendant.

34. Plaintiff and the putative Class and Collective Action Members were expected to complete orders on assigned patients, to answer calls, to respond to medical emergencies, to advise other staff on patient care and status issues, to answer questions from staff or family members, and in general to respond immediately to work demands during "meal breaks."

35. Defendant knew and/or had reason to know that Plaintiff and the putative Class and Collective Action Members performed work during their unpaid "meal breaks." Indeed, Defendant required Plaintiff and class members to remain available to respond to work demands at any time during the shift, including during meal breaks. Moreover, Plaintiff and the putative Class and Collective Action Members performed work for Defendant during the unpaid meal breaks in plain sight of Defendant's management, quite often at Defendant's management's specific request.

36. Despite Defendant's actual knowledge that Plaintiff and the putative Class and Collective Action Members worked during supposed "meal breaks," Defendant willfully failed to compensate them for such work, electing instead to accept the benefits of their work without compensation.

37. Given that Defendant's supervisors and managers knew from direct observation and from their general knowledge of LRMC's operations that Plaintiff and the putative Class and Collective Action Members (a) regularly worked through the deducted meal break time without compensation; and (b) regularly accumulated overtime hours even after deduction of the uncompensated thirty minute per shift, Defendant had both actual and constructive knowledge that Plaintiff and the putative Class and Collective Action Members were not being compensated for meal periods worked at any rate whatsoever, much less at the agreed hourly rate or at the federally mandated time-and-one-half rate required for overtime.

## V.     FLSA CLAIMS FOR OVERTIME PAY

38. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

39. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

40. At all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

41. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

42. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

43. Plaintiff and putative Collective Action Members are/were paid on an hourly/ basis by Defendant.

44. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

45. Plaintiff and putative Collective Action Members are/were not paid for all compensable hours of work when they worked for Defendant.

46. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

47. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

48. 29 U.S.C. § 211(c) provides in relevant part:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports there from to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

49. 29 C.F.R. § 516.2 further requires that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and the total hours worked by each employee during the workweek.

50. To the extent that Defendant failed to maintain all records required by the aforementioned statute and regulations and failed to furnish to Plaintiff and the putative Collective Action Members comprehensive statements showing the hours they worked during the relevant time period, Defendant also violated the law in that regard.

51. When an employer fails to keep accurate records of hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 is controlling. That rule states:

> [W]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer failed to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

52. The U.S. Supreme Court set forth the above standard to avoid allowing the employer to benefit by failing to maintain proper records. Where damages are awarded pursuant to the standard in *Mt. Clemens*, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id.*

53. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

54. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

55. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

56. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.     COLLECTIVE ACTION CLAIMS

57. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

58. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

59. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> All hourly-paid direct patient care nurses and technicians who worked at LRMC at any time during the three years preceding the filing of this action through collective action certification whose overtime pay was docked by application of a meal break deduction to their shifts worked in weeks in which they worked 40 or more hours (the "FLSA Class").

60. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, not paid for all hours worked because Defendant

deducted meal breaks from all shifts regardless of whether the employee was fully relieved of all work duties.

61. Plaintiff has personal knowledge that Defendant's policy to not pay for all compensable hours of work was not personal to her but affected the FLSA class uniformly.

62. The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

63. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendant's failure to pay overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

64. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

65. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

66. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a collective action.

67. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

68. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### VII.    TEXAS STATE LAW CLAIMS: BREACH OF CONTRACT, QUANTUM MERUIT, UNJUST ENRICHMENT

69. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

A. **Breach of Contract**

70. A valid contract existing between Plaintiff and/or the Class Members on the one hand and Defendant on the other hand required Defendant to pay for all hours of work less than 40 per week at a specified hourly rate in exchange for Plaintiff and the Class Members' services. Plaintiff and the Class Members performed all duties required under that contract to earn such hourly pay.

71. Defendant was contractually obligated to pay Plaintiff and the Class Members for all hours of work at the agreed upon hourly rate.

72. Defendant failed to pay Plaintiff and the Class Members for all hours of work at the agreed upon hourly rate because Defendant failed to pay Plaintiff and the Class Members for purported "meal periods" during which they were not fully relieved of all duties and during which they performed work.

73. Defendant breached its contractual obligation to pay all hours of work at the specified hourly rate.

74. Defendant is liable to Plaintiff and the Class Members for all damages available at law due to its breach of its contractual obligations under the contract between Plaintiff and/or the Class Members on the one hand and Defendant on the other hand.

B. **Quantum Meruit**

75. Pleading in the alternative, if the contract between Plaintiff and/or the Class Members on the one hand and Defendant on the other hand is found to be unenforceable, Plaintiff and the Class Members seek relief under the common law doctrine of quantum meruit.

76. Quantum meruit is an equitable remedy based on the promise implied by law to pay for beneficial services rendered and knowingly accepted. *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex. 1990). To recover under quantum meruit, it must be established that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 917 (Tex. App. Dallas 2008) (citing *Vortt,* 787 S.W.2d at 944; *Bashfara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)).

77. At all relevant times, Defendant agreed to and was required to compensate Plaintiff and the Class Members at a specified hourly rate for all hours of work completed on Defendant's behalf.

78. Defendant requested and/or knowingly accepted valuable services and labor from Plaintiff and the Class Members which benefited Defendant and for which a reasonable person would have expected Defendant to pay. Plaintiff and the Class Members provided services and labor with the reasonable expectation of receiving compensation from Defendant.

79. Defendant has failed to properly compensate Plaintiff and the Class Members for the valuable services and labor they performed during supposed "meal periods" for Defendant's benefit.

80. Defendant has been unjustly enriched at the expense of Plaintiff and the Class Members.

81. It would be unjust for Defendant to retain the benefit of Plaintiff and the Class Members' efforts without compensation.

82. Defendant is liable to Plaintiff and the Class Members for damages caused by its failure to compensate them for their valuable services and labor on Defendant's behalf.

**C.     Money Had and Received**

83. Pleading in the alternative, if the contract between Plaintiff and/or the Class Members on the one hand and Defendant on the other hand is found to be unenforceable, Plaintiff and the Class Members seek relief under the common law doctrine of money had and received.

84. "Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money which in equity and good conscience belongs to another." *H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App. Fort Worth 2012, no pet. h.) (*citing Staats v. Miller*, 243 S.W.2d 686, 687 (1951); *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 860 (Tex. App.—Fort Worth 2005, no pet.); *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ) (stating that cause of action for money had and received belongs conceptually to doctrine of unjust enrichment)). To succeed in a claim for money had and received, it must be shown that the defendant holds money or its equivalent that, in equity and good conscience, belongs to the plaintiff. *Best Buy v. Barrera,* 248 S.W.3d 160, 162-163 (Tex. 2007) (per curiam); *MGA Ins. Co. v. Charles R. Chesnutt, P.C.,* 358 S.W.3d 808, 813 (Tex. App.--Dallas 2012, no pet. h.). The cause of action for money had and received is "less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money, which … belongs to the plaintiff." *H.E.B.,* 369 S.W.3d at 507.

85. Defendant has or had possession of money which belongs to Plaintiff and the Class Members in good conscience.

86. Defendant's failure to pay money to Plaintiff and the Class Members violated the law and harmed Plaintiff and the Class Members.

## VIII. CLASS ACTION ALLEGATIONS

87. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

88. Plaintiff brings her state law claims for breach of contract, quantum meruit, and money had and received under Texas common law as a class action under Rule 23 of the Federal Rules of Civil Procedure.

89. Plaintiff proposes an initial definition of the Class Members as:

All hourly-paid direct patient care nurses and technicians who worked at LRMC at any time during the four years preceding the filing of this action through class certification whose pay was docked by application of a meal break deduction to their shifts worked in weeks in which they worked 40 or fewer hours (the "Texas Class").

90. Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

91. Numerosity (Fed. R. Civ. P. 23(a)(1)). The Texas Class is so numerous that joinder is impracticable. On information and believe, the Texas Class exceeds 40 members.

92. Commonality (Fed. R. Civ. P. 23(a)(2)). Common questions of law and fact exist as to the Texas class, including but not limited to the following:

   a. whether agreements existed pursuant to which Defendant was to pay an hourly wage to Plaintiff and to members of the class for each hour of their work;

   b. whether Defendant failed to pay Plaintiff and members of the class for all hours worked as a result of Defendant's deduction of meal periods each shift,

    notwithstanding the fact that Plaintiff and class members regularly performed compensable work during such meal breaks;

   c. whether Defendant engaged in a continuing policy, pattern or practice of failing to pay Plaintiff and the class members for all hours worked;

   d. whether Defendant breached and continues to breach the employment agreements between it and the Plaintiff and the Texas Class; and

   e. whether Defendant is liable for damages claimed hereunder, including but not limited to unpaid overtime and meal break time worked, attorneys' fees and costs.

  93. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>. Plaintiff's claims are typical of those of the putative Texas Class. Plaintiff, like other Texas Class Members, was subject to the same policy/practice of deducting pay for meal breaks even though Plaintiff and the Texas Class Members performed compensable work throughout their shifts. Plaintiff's job duties and claims are typical of those of the putative Texas Class.

  94. <u>Adequacy (Fed. R. Civ. P. 23(a)(4))</u>. Plaintiff will fairly and adequately represent and protect the interests of the putative Texas Class.

  95. <u>Adequacy of Representation (Fed R. Civ. P. 23(g))</u>. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees seeking back pay, and other wage and hour concerns. Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative Texas Class Members.

  96. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>. Class certification of the Texas State Law Claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative Texas Class predominate over any questions affecting only individual members of the putative Texas Class, and because a

class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully failed to compensate members of the putative Texas Class.

97. <u>Ascertainability</u> – The identity of the members of the Texas Class is readily ascertainable based on Defendant's records.

98. <u>Notice (Fed. R. Civ. P. 23(c)(2)(B)).</u> Plaintiff intends to send notice of this lawsuit to all Texas Class Members to the extent provided by Rule 23.

## IX.     JURY DEMAND

99. Plaintiff demands a jury trial on behalf of herself and the putative Collective Action Members/Class Members on all issues.

## X.     DAMAGES AND PRAYER

100. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective/Class Action Members be awarded a judgment against Defendant for the following or order(s) from the Court for the following:

   a. An order certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. An order certifying this case as a class action under Rule 23 for the state law claims;

   c. All damages allowed by the FLSA and state law, including back wages;

   d. Liquidated damages in an amount equal to FLSA-mandated back wages and/or state law-mandated back wages;

   e. Legal fees, costs and expenses, as permitted under the FLSA and/or state law;

   f. Pre- and Post-judgment interest, as permitted under the FLSA and/or state law;

   g. All other relief to which Plaintiff and the putative Collective Action Members/Class Members may be justly entitled.

Dated: June 12, 2024

Respectfully submitted,

By: <u>*/s/ Ricardo J. Prieto*</u>
Ricardo J. Prieto
State Bar No. 24062947
rprieto@wageandhourfirm.com
Attorney-in-Charge
Melinda Arbuckle
State Bar No. 24080773
marbuckle@wageandhourfirm.com
**Wage and Hour Firm**
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
(214) 489-7653 – Telephone
(469) 319-0317 – Facsimile

COUNSEL FOR PLAINTIFF AND PUTATIVE
CLASS/COLLECTIVE ACTION MEMBERS